IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
GARY LAMONT ABRAHAM,              )
                                  )
            Plaintiff,            )        8:11CV302
                                  )
      v.                          )
                                  )
DOUGLAS COUNTY SHERIFF DEPT,      )    MEMORANDUM AND ORDER
et al.,                           )
                                  )
            Defendants.           )
_____    )
```

Plaintiff filed his complaint in this matter on September 7, 2011 (Filing No. 1). He has previously been given leave to proceed in forma pauperis (Filing No. 5). The Court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate pursuant to 28 U.S.C. § 1915A.

### I. SUMMARY OF COMPLAINT

Plaintiff filed his complaint against one defendant, the Douglas County, Nebraska Sheriff's Department (Filing No. 1 at CM/ECF p. 1). Plaintiff alleges that four officers came to his home on August 23, 2011, while he was in the shower. (*Id.* at CM/ECF pp. 3-4.) When plaintiff answered the door, he was naked and several of the officers "drew their guns at" him. (*Id.* at CM/ECF p. 4.) Plaintiff was allowed to put on shorts, but only after his neighbors saw him naked. (*Id.*) The officers then searched plaintiff's home, found nothing, and told him "sorry wrong person." (*Id.* at CM/ECF p. 5.) Plaintiff seeks

"compensation" in the amount of $20,000,000.00. (*Id.* at CM/ECF p. 7.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. &*

*Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

Plaintiff names the Douglas County Sheriff's Department as the sole Defendant (Filing No. 1)  The Court notes that claims against this entity are actually claims against Douglas County, Nebraska.  A county may only be liable under section 1983 if its "policy" or "custom" caused a violation of plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)).  An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

To establish the existence of a governmental custom, a plaintiff must prove:

> 1)  The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2)  Deliberate indifference to or tacit authorization of such conduct by the governmental

-3-

>             entity's policymaking
>             officials after notice to the
>             officials of that misconduct;
>             and
>
> 3)     That plaintiff was injured by
>        acts pursuant to the
>        governmental entity's custom,
>        i.e., that the custom was the
>        moving force behind the
>        constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Douglas County or its employees, or that Douglas County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. In addition, plaintiff does not allege that an unconstitutional custom was the moving force behind his injuries. Accordingly, plaintiff has failed to allege sufficient facts to "nudge" his claims against Douglas County across the line from conceivable to plausible under the *Jane Doe* standard.

However, on its own motion, the Court will grant plaintiff 30 days in which to amend his complaint to sufficiently allege a claim against Douglas County in accordance with the *Jane Doe* standard. Any amended complaint shall restate the allegations of plaintiff's prior complaint (Filing No. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If plaintiff

-4-

fails to file an amended complaint in accordance with this memorandum and order, this matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS ORDERED:

1. Plaintiff shall have until **November 14, 2011,** to amend his complaint and clearly state a claim upon which relief may be granted against Douglas County, Nebraska, in accordance with this memorandum and order. If plaintiff fails to file an amended complaint, plaintiff's complaint will be dismissed without further notice for failure to state a claim upon which relief may be granted.

2. In the event that plaintiff files an amended complaint, plaintiff shall restate the allegations of the current complaint (Filing No. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

3. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **November 14, 2011,** and dismiss if none filed.

-5-

      4.  Plaintiff shall keep the Court informed of his current address at all times while this case is pending.  **Failure to do so may result in dismissal without further notice.**

      DATED this 14th day of October, 2011.

                            BY THE COURT:

                            /s/ Lyle E. Strom
                            _____
                            LYLE E. STROM, Senior Judge
                            United States District Court

---

[*] This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.